### STATE v. L. C. HOUSE.

No. A-2613.   Opinion Filed June 16, 1921.
(198 Pac. 888.)

(Syllabus.)

**Sunday — Conducting Picture Show Not "Servile Labor."** Ordinarily, the selling of admission tickets and conducting on Sunday in an orderly manner a moving picture show is not "servile labor," and not prohibited within the meaning of section 2404, Rev. Laws 1910, and the first subdivision of section 2405, as amended by Laws 1913, c. 204.

Appeal from County Court, Coal County; P. E. Wilhelm, Judge.

L. C. House was by information charged with Sabbath breaking. A demurrer to the information was sustained, and the State appeals. Affirmed.

S. P. Freeling, Atty. Gen., R. McMillan, Asst. Atty. Gen.,

and Geo. T. Ralls. Co. Atty., of Coalgate, for the State.

Trice & Moore, for defendant in error.

BESSEY, J. L. C. House was by information, filed October 18, 1915, charged with Sabbath breaking by conducting a moving picture show on Sunday. To this information he interposed a demurrer, which was by the court sustained, and the state appeals. The charging part of the information is as follows:

"That he, the said L. C. House, did willfully and unlawfully keep open, run, operate, engage in and carry on his moving picture show in Coalgate, Okla., on the first day of the week, and the Lord's Day, which is commonly called Sunday, for the purpose of carrying on and doing business by running said moving picture show on said date, said business being the usual trade carried on by said defendant, and that the said defendant did charge and receive and collect an admittance fee of ten cents of and from all persons who entered said moving picture show and witnessed the said show. That the keeping, running, operating, managing and carrying on said moving picture show was for money and for profit and gain, and was defendant's means of making a livelihood, and was a continuation of defendant's usual trade and business during the week; the same not being a work or trade of charity or necessity, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state."

The defendant interposed a demurrer to the information on the ground that the allegations contained in said information were insufficient to show any offense against the laws of the state of Oklahoma. The court sustained the demurrer, and the state refused to plead further. Whereupon the court rendered judgment, dismissing the cause, and the state prosecutes the appeal from the order and judgment sustaining the demurrer and dismissing the cause.

The issues here involved are similar to those decided in the case of State v. Clint Smith, A-2497, 19 Okla. Cr. 184, 198 Pac. 879, recently decided, and for the reasons there given the order and judgment of the trial court is affirmed.

DOYLE, P. J., concurs.

MATSON, J., disqualified and not sitting.